UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| THOMAS J. VOLK, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:16-CV-698-TLS-MGG |
| | ) | |
| WELLS FARGO BANK NA, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiffs Thomas J. Volk and Janet A. Volk filed their complaint against Defendant in the LaPorte Circuit Court on September 12, 2016. In October 12, 2016, Defendant filed its Notice of Removal to this Court, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. No. 1 at 3, ¶ 5. In its Notice of Removal, Defendant alleges that "[u]pon information and belief, each of the plaintiffs is a citizen of Indiana," citing Plaintiffs' assertion in their amended complaint that "they reside in Michigan City, Indiana." *Id*. at 2, ¶ 3. Defendant further alleges that it "is chartered as a national banking association in the State of South Dakota with its principal place of business in the State of California." *Id.* at ¶ 4.

These jurisdictional allegations are inadequate with respect to both Plaintiffs. To begin, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003). Furthermore, residency of an individual is meaningless

for purposes of diversity jurisdiction because an individual's citizenship is determined by his or her domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co.*, 101 F.3d at 58–59 (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

As the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Therefore, Defendant is **ORDERED** to supplement the record on or before **October 27, 2016**, by filing an amended notice of removal that adequately alleges the citizenship of each Plaintiff.

**SO ORDERED.**

Dated this 13th day of October, 2016.

S/Michael G. Gotsch, Sr.<br>Michael G. Gotsch, Sr.<br>United States Magistrate Judge